UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

IGOR VOLYNSKY,

    *Plaintiff*,

  v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    *Defendant*.

No. 23-cv-16710 (MEF)(JSA)

**OPINION and ORDER**

---

\*   \*   \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history here.

\*   \*   \*

The relevant allegations for now are as follows.[1]

A man[2] worked for an insurance company[3] for around 13 years. See Complaint, Attachment 2, at 1.

If the employee had been working for the company through to age 55, he would have been entitled to have certain medical premiums paid for, through a company Retiree Medical Savings Account ("RMSA"). See id.

---

[1] Because this is a motion to dismiss, the Court must treat the allegations as true. See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). Whether they are in fact true --- that is a question for later in the case.

[2] Igor Volynsky.

[3] Prudential Insurance Company of America.

But the employee was let go when he was 51.  See id.  This meant no RMSA for him.  See id.

About three years after getting his notice of termination, the now-former employee heard about a company Voluntary Separation Plan ("VSP").  See id. at 1-2.  He came to believe that if he had been enrolled in the VSP he would have been able to access the RMSA --- and that age discrimination was the reason the company opted to fire him and keep him out of the VSP, all with the ultimate effect that he could not look to the company for RMSA payments.  See id. at 2.

\*   \*   \*

In light of the above, the man ("the Plaintiff") filed a lawsuit against the company ("the Defendant").

The Plaintiff is not represented by a lawyer.

The Court understands the Complaint as pressing one claim, arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); that ERISA claim focuses on the allegation that the Plaintiff was discriminated against based on age when he was fired instead of being offered a slot in the VSP.  See Complaint, Attachment 2, at 2; see also Civil Cover Sheet (listing "[a]ge discrimination").

\*   \*   \*

The Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The Court denied the motion.  See Volynsky v. Prudential Ins. Co. of Am., 2024 WL 2859460, at \*1 (D.N.J. May 20, 2024).

The Defendant now moves for reconsideration, arguing that the Court overlooked three of its Rule 12(b)(6) arguments for dismissal.  See Motion for Reconsideration at 3-6.

Take these below, each in turn.

\*   \*   \*

As an initial matter, the Defendant contends that "the Court overlooked [the] Plaintiff's admission that he is not eligible for the very benefits he seeks."  Id. at 4.

This argument comes in three parts.

2

First, under ERISA § 502(a)(1)(B), a person may sue "to recover benefits _due_ to him."  29 U.S.C. § 1132(a)(1)(B) (emphasis added).

Second, the Plaintiff acknowledges in the Complaint that he "was _not_ entitled to RMSA funds because [he] was younger than 55 at the time of termination."  Complaint, Attachment 2, at 1 (emphasis added).

And third, putting these together dooms the Plaintiff's ERISA § 502(a)(1)(B) claim.  _See_ Motion for Reconsideration at 4-5.  The reason: "A plaintiff seeking to recover under section 502(a)(1)(B) must demonstrate that the benefits are actually 'due' . . . .  Benefits must have 'vested' in order to be legally 'due.'"  _Hooven_ v. _Exxon Mobil Corp._, 465 F.3d 566, 574 (3d Cir. 2006).  And the Plaintiff, as noted, all but admitted in his Complaint that the opposite was the case --- stating that he "was not entitled to RMSA funds."  Complaint, Attachment 2, at 1.

But this argument misses the point.

The Plaintiff, as noted, is _pro se_.  And his Complaint, construed liberally as is required, _see_ _Mala_ v. _Crown Bay Marina, Inc._, 704 F.3d 239, 244 (3d Cir. 2013), does not press an ERISA § 502(a)(1)(B) claim --- but rather a claim under ERISA § 510.[4]

---

[4]  It is § 510 that focuses on discrimination in connection with plan benefits.  _See_ 29 U.S.C. § 1140 ("It shall be unlawful for any person to discharge . . . or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[.]"); _see_ _also_ _Haberern_ v. _Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan_, 24 F.3d 1491, 1503 (3d Cir. 1994) ("A fundamental prerequisite to a § 510 action is an allegation that the employer-employee relationship . . . was changed in some discriminatory or wrongful way[.]").  And that is what the Plaintiff alleges here.  He claims the Defendant discriminatorily opted to fire him rather than offer him enrollment in the VSP --- all so that he would not be eligible for the RMSA.  _See_ Complaint, Attachment 2, at 2.  And note: the Plaintiff, in his opposition brief, confirmed that he intended for his claim to be understood as an ERISA § 510 claim.  _See_ Plaintiff's Brief in Opposition to the Motion for Reconsideration ("Opposition Brief") at 7-8

3

Why does this matter?

Because while an ERISA § 502(a)(1)(B) claim can be pressed only based on benefits that are already "due," 29 U.S.C. § 1132(a)(1)(B), that is not how a § 510 claim works.

"[U]nder § 510, a defendant can be liable for unlawful interference before the participant becomes entitled to benefits under the terms of the plan." Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 778 (3d Cir. 2007) (emphasis added) (cleaned up).

In a nutshell: the Defendant argues that the Plaintiff's ERISA claim must be dismissed because he was not already entitled to RMSA benefits; this argument might be persuasive if the Plaintiff were pressing an ERISA § 502 claim; but he is not --- the Plaintiff is advancing an ERISA § 510 claim.

\*   \*   \*

The Defendant's next point: "the Court overlooked [its] argument that [the] Plaintiff fails to state a legally viable claim under ERISA § 510 because he alleges neither direct evidence of specific intent, nor the necessary elements of a prima facie case for a[n] ERISA § 510 retaliation claim."  Motion for Reconsideration at 5.

To state a § 510 claim, "a plaintiff . . . must [allege] that the employer made a conscious decision to interfere with the employee's attainment of . . . benefits," Jakimas, 485 F.3d at 785 (cleaned up) --- and the Defendant argues that the Plaintiff has not done so here.  See Defendant's Motion to Dismiss at 7-9.

But "at the motion to dismiss stage, it is sufficient to plead facts that, when taken as true, constitute circumstantial evidence of the employer's specific intent to interfere with the ERISA plan." Woerner v. FRAM Grp. Operations, LLC, 2013 WL 1815518, at *5 (D.N.J. Apr. 29, 2013) (cleaned up) (collecting cases).

The Plaintiff has cleared that bar.

---

(discussing § 510); Plaintiff's Brief in Opposition to the Motion to Dismiss at 15 ("My Complaint is that as the result of discriminatory action against me I was not offered VSP instead of termination.").

4

The Complaint alleges that it was on account of the Plaintiff's age that the Defendant chose to fire him, rather than offering him access to the VSP. See Complaint, Attachment 2, at 2 ("HR knew my age as of October 2019 and still chose to terminate my employment and did not offer VSP instead."). And the Plaintiff also alleges that his firing was "retaliation" --- based on his "vocal response to [a] biased and unfair performance review," and for "complain[ing] to HR that management speaks [M]andarin discussing business topics."[5] Id.

These allegations are sparse. But the Plaintiff is pro se, and taking his papers as required, see Mala, 704 F.3d at 244 --- he has pleaded just enough. See generally McDermott v. Clondalkin Grp., Inc., 649 F. App'x 263, 269 n.3 (3d Cir. 2016) ("The plausibility standard does not impose a probability requirement; it only requires a pleading to show more than a sheer possibility that a defendant has acted unlawfully.") (cleaned up); Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (similar).

*   *   *

Finally, the Defendant argues that "[t]he Court overlooked [the Defendant's] argument that [the] Plaintiff's ERISA § 510 [claim] was untimely." Motion for Reconsideration at 5.

To analyze this argument, begin by noting that ERISA § 510 does not include a limitations period.[6] Instead, "the appropriate period is determined by reference to the state statute of limitations governing cases most analogous to the cause of action asserted by the plaintiff[]." Gavalik v. Cont'l Can Co., 812 F.2d 834, 843 (3d Cir. 1987).

Both parties here cite the New Jersey Law Against Discrimination as the most analogous state statute. See Defendant's Motion to Dismiss at 9-10; Plaintiff's Brief in Opposition to the Motion to Dismiss at 16. And the limitations period for claims brought

---

[5] What this means is not perfectly clear. But it seems to refer to being excluded from certain work-related meetings or conversations. See Plaintiff's Brief in Opposition to the Motion to Dismiss at 10.

[6] Claims must generally be filed within a certain amount of time. That amount of time is the "limitations period," and its length is often established by statute. Cf. Kaul v. Marino, 2023 WL 7118724, at *2 (D.N.J. Oct. 27, 2023).

under the Law Against Discrimination is two years.[7]  See N.J. Stat. Ann. 10:5-12.11.

When did the two-year clock start running?

The Defendant argues: when the Plaintiff learned he was being fired.  See Motion to Dismiss at 10-11.  That was in 2019, which means the Plaintiff had until 2021 to sue --- but he brought this case in 2023, and therefore, the argument goes, his claim comes too late.  See id.

This makes sense.  See Jakimas, 485 F.3d at 780 ("[W]hen an employee is terminated in violation of § 510 of ERISA the claim accrues when the decision to terminate is made and the employee is informed of the pending termination.").

But it is largely beside the point.  Reading his pro se papers as the Court must, see Mala, 704 F.3d at 244, it is apparent that the Plaintiff is invoking equitable tolling, the doctrine that sometimes allows the clock of the limitations period to be paused ("tolled").[8]

To see the point, recall that the limitations period here is provided by a New Jersey statute, the Law Against Discrimination.

And "where a court borrows a statute of limitations from state law, the court must also borrow from state law the relevant

---

[7]  Other state claims may be more "analogous" to the Plaintiff's claim here.  See, e.g., Anderson v. Consol. Rail Corp., 297 F.3d 242, 251 (3d Cir. 2002) (discussing a district court's conclusion that the plaintiffs' ERISA § 510 claim was "most analogous to a wrongful discharge cause of action" where the plaintiffs "alleged that they were discharged . . . to prevent attainment of . . . VSP benefits").  But the parties here raise only the Law Against Discrimination, and the Court follows their lead.  See, e.g., Hernandez v. Twp. of Lyndhurst, 2025 WL 456950, at *8 (D.N.J. Feb. 10, 2025).

[8]  The Plaintiff does not explicitly invoke equitable tolling.  But the Third Circuit has made clear that a pro se litigant does not need to specifically name that doctrine for it to be in play.  See Wiggins v. Albert Einstein Med. Ctr., 2022 WL 1197015, at *2 n.5 (3d Cir. Apr. 22, 2022).  And the Plaintiff's arguments here plainly implicate equitable tolling.

6

tolling principles." Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 210 n.4 (3d Cir. 2002).

In turn, the two-year statute of limitations for a Law Against Discrimination claim can be equitably tolled "when a plaintiff is misled as to the real reason for the job action and as a result fails to act within the prescribed time limit." Henry v. N.J. Dep't of Hum. Servs., 204 N.J. 320, 338 (2010); see also Alexander v. Seton Hall Univ., 204 N.J. 219, 228 n.3 (2010).

And that is what the pro se Plaintiff is essentially arguing here: that he did not file this case until 2023 because he only learned of the VSP during 2022 --- and an unlawful desire on the part of the Defendant not to put the Plaintiff into the VSP was the "real reason," Henry, 204 N.J. at 338, he was fired in 2019 and therefore not made eligible for the RMSA. See, e.g., Opposition Brief at 8 ("August 2022 is the crucial point in time that caused my decision to submit [a] claim. . . . This is the time when I realized about the discriminatory action [the Defendant] took against me in September 2019.").

On this theory, the two-year limitations period may have started running in 2019, when the Plaintiff learned he was being fired. But that does not ultimately matter, because the limitations period was allegedly tolled until 2022, when the Plaintiff is said to have first learned about the VSP --- and so there was still time left on the clock in 2023 when the Plaintiff filed this lawsuit.

Whether this theory is in the end persuasive is not the question before the Court. Indeed, later in the litigation the Plaintiff "will bear the burden of showing that equitable tolling is warranted." Wiggins, 2022 WL 1197015, at *2.

But for now, the limitations-period argument is being pressed by the Defendant in a Rule 12(b)(6) context. To win on such an argument at this stage, the Defendant must establish that "the face of the complaint demonstrates that the plaintiff's claims are untimely." Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015) (cleaned up). Given the equitable-tolling argument the Plaintiff's papers suggest, this standard has not been met.

*   *   *

The Defendant's motion for reconsideration is denied.

IT IS on this 3rd day of March, 2025, so **ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.