```
           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

IGOR VOLYNSKY,

       *Plaintiff*,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

       *Defendant*.

No. 23-cv-16710(MEF)(JSA)

**OPINION and ORDER**

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the procedural history and allegations of this case.

\* \* \*

The case in a nutshell: the Plaintiff[1] was fired from his job at an insurance company ("the Defendant"[2]), and this was, he alleges, because of his age and to deny him retirement benefits. See Plaintiff's First Amended Complaint to Add a Cause of Action Under the New Jersey Law Against Discrimination . . . and Amend His Prayer for Damages ("Complaint") (ECF 62) ¶¶ 2, 8, 17.

He sued, pressing two federal claims and a state claim. See id. ¶¶ 19-35. The federal claims are under the Employee Retirement Income Security Act of 1974, see 29 U.S.C. § 1001 et seq, and the Age Discrimination in Employment Act ("ADEA"). See 29 U.S.C. § 621 et seq. The state claim invokes the New Jersey Law

---

[1] Igor Volynsky.

[2] The Prudential Insurance Company of America.

Against Discrimination ("NJLAD"), see N.J. Stat. Ann. § 10:5-1 et seq.

The Defendant now moves to dismiss the ADEA and NJLAD claims. See Defendant the Prudential Insurance Company of America's Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Brief") (ECF 67-1) at 1-2.

The motion is denied.

\*    \*    \*

The Defendant's first argument: the Plaintiff's complaint does not allege that he filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and that is a necessary prerequisite to pressing an ADEA claim. See Defendant's Brief at 5-7. Therefore, the argument goes, the ADEA claim must be dismissed. See id.

This may possibly be a winning argument.

But it is a defendant's burden on a motion to dismiss to show that it is a winning argument. See, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). And here, the Defendant has not carried that burden.

To see why, start with some background.

Before filing an ADEA claim, a plaintiff must file "a charge alleging unlawful discrimination with the [EEOC]." 29 U.S.C. § 626(d)(1); see Ruehl v. Viacom, Inc., 500 F.3d 375, 382 n.9 (3d Cir. 2007).

But whether the Plaintiff went to the EEOC before raising his ADEA claim is not the question for now.

Rather, the question is whether the Plaintiff needed to affirmatively allege in his complaint that he complied with the EEOC filing requirement.

If the Plaintiff needed to make an EEOC filing allegation, then his ADEA claim must be dismissed --- because there is no filing allegation.

If the Plaintiff did not need to make an EEOC filing allegation, then the ADEA claim should not be dismissed. The Plaintiff cannot be faulted for not including an allegation that was not required.

2

To support its argument that the Plaintiff had to allege compliance with the EEOC filing requirement, the Defendant cites Robinson v. Dalton, 107 F.3d 1018 (3d Cir. 1997). See Defendant's Brief at 6 (citing Robinson).[3]

Robinson supports the Defendant's position. See Robinson, 107 F.3d at 1022.

But the Defendant does not address (or cite) the Third Circuit authority, Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), that seems to pull in the opposite direction.

Robinson on the one hand, Williams on the other --- this might create "some tension in [the relevant] caselaw," Karupaiyan v. Wipro Ltd., 2025 WL 89076, at *2 & n.3 (3d Cir. Jan. 14, 2025), as the Third Circuit has recently noted.

And that may be only part of the difficulty with relying on Robinson. A Supreme Court case that came down after Robinson (and after Williams) seems to strengthen the argument that compliance with the EEOC filing requirement does not need to be plead by a plaintiff. See Jones v. Bock, 549 U.S. 199, 216 (2007) (discussed by the Third Circuit in Slingland v. Donahoe, 542 F. App'x 189, 191 n.3 (3d Cir. 2013)).[4]

---

[3] Robinson was a Title VII case, not an ADEA case. But the Third Circuit "routinely use[s] Title VII and ADEA caselaw interchangeably, when there is no material difference in the question being addressed." Newman v. GHS Osteopathic, Inc. Parkview Hosp. Div., 60 F.3d 153, 157 (3d Cir. 1995). Here, that box is checked, because both the ADEA and Title VII require employees to file charges with the EEOC before going to court. Compare 42 U.S.C. § 2000e-5(e) (Title VII), with 29 U.S.C. § 626(d)(1)(A-B) (ADEA).

[4] Most circuits have landed on the Williams approach (pleading an EEOC filing in the complaint is not required), not the Robinson approach (pleading an EEOC filing is required). For the first approach, see Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475 (7th Cir. 2009); Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009); Moore v. Coca-Cola Bottling Co., 113 F.4th 608, 622 (6th Cir. 2024); Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007). For the second, see Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1167-68

On its motion to dismiss, the Defendant bears the burden of persuading the Court that it should win. See Hedges, 404 F.3d at 750.

But it cannot carry that burden by pointing to one side of the ledger, while not reckoning with what is on the other side of it. That gives the Court no basis for choosing between them.

The motion to dismiss the ADEA claim is denied.[5]

It is on this 3rd day of November, 2025 **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

(10th Cir. 2007); Hoffman v. Boeing, 596 F.2d 683, 685 (5th Cir. 1979).

[5] The Defendant has also moved to dismiss the Plaintiff's NJLAD claim. See Defendant's Brief at 8-13. But the Court will not reach any NJLAD questions here. The Defendant previously argued, see The Prudential Insurance Company of America's Memorandum of Law in Support of its Motion to Dismiss (ECF 11-1) at 11-15, and continues to argue, see Defendant's Brief at 2 n.1, that no claim can go forward here (including the NJLAD claim) because of a release the Plaintiff assertedly signed. If discovery (already underway) backs up that argument, then this case might not survive summary judgment. Given the Court's obligation to decide as little as is necessary, see, e.g., Beychok v. Baffert, 717 F. Supp. 3d 392, 414 (D.N.J. 2024), why resolve potentially complex NJLAD legal issues (including as to preemption) if the imperative to decide might no longer be there at some point? (And if it later turns out, after summary judgment, that the NJLAD claim remains in the case --- then the Court will likely permit the Defendant, at that point, to raise its various NJLAD challenges.)