Igor Volynsky
238 Cambridge Drive
Ramsey, NJ 07446
ivolynsky@outlook.com

June 8, 2026

Hon. Jessica S. Allen, U.S.M.J.
United States District Court
District of New Jersey

Re: Volynsky v. The Prudential Insurance Company of America
Civil Action No. 2:23-cv-16710-MEF-JSA

Dear Judge Allen:

Plaintiff respectfully seeks leave to file a narrowly tailored motion for limited supplemental discovery arising from preserved discovery categories, subsequent deposition testimonies, later discovery developments, and the survival of Defendant's counterclaim relating to the Separation Agreement and General Release.

Plaintiff does not seek to relitigate prior discovery rulings or reopen broad comparator discovery previously denied by the Court. Rather, Plaintiff seeks leave to file a limited motion directed to operational categories whose significance was materially clarified through later deposition testimonies and subsequent factual developments, including timing discretion, extension practices, Human Resources / Employee Relations / Legal workflow, OWBPA-related review processes, Voluntary Separation Program ("VSP") - related timing considerations, and counterclaim-related release issues.

Plaintiff respectfully submits that the requested discovery is narrow, operationally focused, and directed toward identifiable categories of non-privileged materials relevant to the claims and defenses in this action.

## I. Preservation, Diligence, and Later Clarification

Contrary to any suggestion that these issues first arose after the close of discovery, the discovery categories at issue were preserved throughout this litigation and raised repeatedly through written discovery, meet-and-confer correspondence, the December 10, 2025 discovery conference and the Court's Discovery Order (ECF No. 95), Plaintiff's subsequent Rule 72(a) objection and reply (ECF Nos. 96 and 107), later depositions, and subsequent discovery-related submissions.

Plaintiff first raised these issues in his July 10, 2025 meet-and-confer correspondence (ECF No. 63-1), including issues concerning HR involvement, VSP timing, Retirement Medical Savings Account ("RMSA") eligibility, awareness of age and years of service, benefit-related considerations, extension practices, the exit-related documentation, and ADEA / OWBPA disclosures. Prudential responded on July 28, 2025, and the parties'

1

competing positions regarding these discovery issues were subsequently presented to the Court through ECF No. 59-5.

These issues were thereafter addressed in part during the December 10, 2025 discovery hearing and the Court's Discovery Order (ECF No. 95). Plaintiff subsequently noted in his Rule 72(a) objection and reply (ECF Nos. 96 and 107) that certain interrogatories, including Interrogatories 5–8, 10, and 13, remained preserved issues that were not expressly discussed during the hearing or expressly addressed in the Court's written Order.

Following the December 10, 2025 discovery proceedings and the Court's Discovery Order (ECF No. 95), Plaintiff continued to preserve and pursue these categories through his Rule 72(a) objection and reply (ECF Nos. 96 and 107), his First Requests for Admission served on January 5, 2026, Second Requests for Production served on February 9, 2026, requests for clarification served on March 13, 2026, March 16, 2026 meet-and-confer correspondence, Plaintiff's March 20, 2026 fairness letter (ECF No. 118), and subsequent depositions, including the March 9, 2026 deposition of Robert Haack, Prudential's decision-maker, and the May 14, 2026 deposition of Rose Veneziano, a Human Resources Director involved in Plaintiff's separation process.

These later discovery efforts included issues concerning HR involvement, termination-date discretion, extension practices, RMSA-related considerations, benefit-related timing considerations, post-termination documentation, operational workflow, compliance-review processes, and privilege-log issues.

Plaintiff respectfully submits that the present request does not arise from speculation, generalized dissatisfaction with prior discovery rulings, or a desire to revisit broad discovery previously denied by the Court. Rather, the present request arises from preserved discovery categories, later deposition testimonies, subsequent discovery developments, the survival of Defendant's counterclaim concerning the Separation Agreement and General Release, and factual issues whose operational significance became materially clearer only after the December 10, 2025 discovery proceedings.

The categories identified herein correspond to specific interrogatories, requests for admission, requests for production, meet-and-confer correspondence, and deposition testimony previously identified by Plaintiff throughout the discovery process.

On May 19, 2026, Plaintiff served supplemental meet-and-confer correspondence identifying narrowly tailored supplemental discovery categories arising from these later factual developments. (Ex. A.) On May 26, 2026, Defendant responded and opposed Plaintiff's request for supplemental discovery, thereby creating the present dispute concerning whether limited supplemental discovery should be permitted. (Ex. D.)

**II. Subsequent Deposition Testimonies Materially Clarified Preserved Discovery Categories**

Plaintiff respectfully submits that deposition testimonies obtained following the December 10, 2025 discovery proceedings and the Court's Discovery Order (ECF No.

95) materially clarified the operational significance of several previously preserved discovery categories.

The March 9, 2026 deposition of Robert Haack (Ex. B.) provided testimony concerning Human Resources / Employee Relations / Legal operational involvement, compliance-review workflow, timing-related issues, extension practices, operational flexibility concerning notification and termination timing, and benefit-related considerations. Mr. Haack also testified that no individualized scoring matrix, employee-by-employee comparison analysis, or individualized benefit analysis was performed with respect to Plaintiff.

Plaintiff respectfully submits that this testimony materially clarified the significance of previously preserved categories concerning timing discretion, extension practices, HR / Employee Relations / Legal workflow, operational review processes, and benefit-related timing considerations. Plaintiff further submits that these issues could not have been presented in their current form during the December 10, 2025 discovery proceedings because the relevant testimonies had not yet been obtained.

The May 14, 2026 deposition of Rose Veneziano occurred after the close of fact discovery pursuant to the parties' agreement and the Court's scheduling orders. Plaintiff respectfully submits that Ms. Veneziano's testimony may further clarify workflow, operational review structure, post-termination documentation processes, and notification and termination timing issues once transcript review is completed.

The transcript of Ms. Veneziano's May 14, 2026 deposition was not available for Plaintiff's review at the time of this submission. Plaintiff respectfully reserves the right to seek leave to supplement the issues discussed herein should review of the transcript materially clarify or expand upon the operational, workflow, documentation, compliance-review, or timing-related issues identified above.

### III. VSP-Related and Counterclaim-Related Developments

Contrary to Defendant's position that these issues were fully resolved through prior discovery proceedings, Plaintiff respectfully submits that subsequent developments materially increased the significance of certain previously preserved discovery categories.

First, Plaintiff expressly raised issues concerning age and years of service awareness, RMSA-related considerations, benefit-related eligibility issues, cost-related considerations, and termination-date extension practices in his July 10, 2025 meet-and-confer correspondence (ECF No. 63-1) and the parties' ensuing discovery dispute reflected in ECF No. 59-5. Plaintiff subsequently noted in his Rule 72(a) filings (ECF Nos. 96 and 107) that Interrogatories 5–8, 10, and 13 remained preserved issues that were not expressly discussed during the December 10, 2025 proceedings or expressly addressed in the Court's Discovery Order (ECF No. 95). These issues remained the subject of the First RFAs, requests for clarification, Second Requests for Production, and subsequent meet-and-confer efforts through March 2026

3

Subsequent deposition testimony, including the March 9, 2026 testimony of Robert Haack, materially clarified the operational significance of those preserved categories. In particular, testimony concerning timing discretion, extension practices, benefit-related timing considerations, HR involvement, and operational workflow provided factual context that was not previously available during the December 10, 2025 discovery proceedings.

Second, the Court's April 22, 2026 decision permitting Defendant's counterclaim concerning the Separation Agreement and General Release to proceed (ECF No. 125) materially increased the relevance of release-review workflow, OWBPA-related processes, compliance-review procedures, HR / Employee Relations / Legal involvement, and operational communications relating to the Separation Agreement and General Release.

Plaintiff respectfully submits that these developments materially increased the significance of previously preserved discovery categories and clarified their relevance to both Plaintiff's claims and Defendant's counterclaim. Accordingly, Plaintiff respectfully submits that narrowly tailored supplemental discovery concerning operational workflow, compliance-review processes, timing discretion, implementation issues, and release-related procedures is appropriate and proportional to the needs of the case.

## IV. Narrowly Tailored Supplemental Discovery Requested

Plaintiff respectfully submits that the requested supplemental discovery is narrowly tailored and directed toward identifiable categories of non-privileged materials bearing on workflow, timing, compliance-review processes, implementation issues, and operational decision-making relevant to the claims and defenses in this action.

Plaintiff does not seek broad comparator discovery or company-wide personnel data. Rather, Plaintiff seeks limited discovery directed toward specific operational workflow, timing, compliance-review, and implementation issues reflected in later discovery developments and deposition testimonies.

Specifically, Plaintiff seeks limited discovery concerning:

1. Human Resources / Employee Relations / Legal workflow and compliance-review processes relating to Plaintiff's termination, benefits, and Separation Agreement and General Release;
2. ADEA / OWBPA review, preparation, and disclosure workflow relating to age-related disclosure materials and compliance-review procedures;
3. Notification and termination timing discretion, extension practices, and benefit-related timing considerations relating to implementation of Plaintiff's separation;
4. Exit-related documentation, workflow, and review processes relating to Plaintiff's separation and post-termination status; and
5. Benefit-related timing considerations, termination-date implementation issues, and related workflow processes relevant to Plaintiff's claims and Defendant's counterclaim.

Plaintiff respectfully submits that these categories are materially narrower than prior discovery disputes and are directed toward specific operational issues whose significance was clarified through subsequent deposition testimony and later factual developments.

To the extent responsive materials have been withheld based upon assertions of privilege, Plaintiff may seek targeted in camera review of selected categories of documents if necessary to evaluate the applicability of the asserted privilege.

### V. Relevance to Plaintiff's Claims and Defendant's Counterclaim

Plaintiff respectfully submits that the requested discovery bears directly upon benefit-related timing considerations, operational workflow, compliance-review processes, release-review procedures, and implementation-related decisions relevant to Plaintiff's ERISA § 510, ADEA, and NJLAD claims, as well as Defendant's counterclaim concerning the Separation Agreement and General Release. The requested discovery may materially clarify issues relating to timing discretion, extension practices, operational review structure, compliance-review workflow, and release-related procedures relevant to the claims and defenses in this action.

### VI. Requested Relief

For the foregoing reasons, Plaintiff respectfully requests leave to file a narrowly tailored motion seeking limited supplemental discovery concerning the categories identified above.

Plaintiff further requests such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*Igor Volynsky*

Igor Volynsky
Pro Se Plaintiff

**Proposed Exhibits**

**Exhibit A** – May 19, 2026 Supplemental Meet-and-Confer Correspondence

**Exhibit B** – Relevant Excerpts from the March 9, 2026 Deposition Transcript of Robert Haack Relating to HR / Employee Relations / Legal Workflow, Timing Practices, Operational Review Processes, and Benefit-Related Considerations

Exhibit B-1 – Relevant Excerpts from the March 9, 2026 Deposition of Robert Haack (Tabs B-1 and B-2)

Exhibit B-2 – Relevant Excerpts from the March 9, 2026 Deposition of Robert Haack (Tabs B-3 and B-4)

**Exhibit C** – Relevant VSP Provisions Relating to Preserved Discovery Categories Concerning Benefit Eligibility, Timing Considerations, and Termination-Date Extension Issues

**Exhibit D** – Defendant's May 26, 2026 Response to Plaintiff's Supplemental Discovery Meet-and-Confer Correspondence