

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

dostern@seyfarth.com

T (212) 218-3377

www.seyfarth.com

June 22, 2026

**VIA ECF**
Hon. Jessica S. Allen
United States Magistrate Judge
United States District Court for the District of New Jersey
50 Walnut Street, Courtroom MLK 2B
Newark, NJ 07101

> **Re:** *Igor Volynsky v. The Prudential Insurance Company of America*
> **Civil Action No. 2:23-CV-16710-MEF-JSA**

Dear Judge Allen:

We write in response to Plaintiff's June 8, 2026 letter requesting "leave to file a narrowly tailored motion for limited supplemental discovery." (ECF No. 129). In addition, Prudential respectfully requests that the Court set a schedule for dispositive motions.

Plaintiff's request is untimely and does not satisfy the standard required to reopen discovery.  Therefore, his request should be denied.

Fact discovery closed on March 20, 2026. The only agreed-upon exception was to complete Rose Veneziano's deposition, and that deposition has since been completed. Prudential advised Plaintiff on March 6, 2026 that it would agree to that limited extension and confirmed the same to the Court on March 10, 2026. (ECF No. 114). Plaintiff likewise acknowledged the March 20, 2026 deadline and represented that any extension would be limited "solely for the purpose of completing Ms. Veneziano's deposition." (ECF No. 117). No broader extension was sought or granted. To the contrary, the Court expressly directed that "[t]here shall be no further extensions of the fact discovery deadline absent extenuating circumstances." (ECF No. 105). Plaintiff identifies no such extenuating circumstances that could possibly justify re-opening discovery approximately two and a half months after it closed. Under these circumstances, Plaintiff's request should be denied. *Dean v. Deptford Twp.*, No. CIV. 13-5197 NLH/KMW, 2015 WL 2158679, at *4 (D.N.J. May 7, 2015) (denying motion to reopen discovery where "Plaintiff did not ask for an extension of the discovery end date until discovery closed, and he provides no explanation for his failure to do so").

Plaintiff's request seeks, in substance, to reopen fact discovery. Under Rule 16, a party seeking relief from a scheduling order must show diligence and good cause, which Plaintiff has not made. *See* Fed. R. Civ. P. 16(b). A party seeking to amend a scheduling order has "the burden of demonstrating that "despite its diligence, it could not reasonably have met the scheduling order deadline." *Spring Creek Holding Co. v. Keith*, Civ. A. No. 02-376, 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006) (internal citation omitted). "Scheduling orders may only be modified to reopen discovery for good cause and with the judge's consent." *Goldrich v. City of Jersey City*, No. 15–



Hon. Jessica S. Allen
June 22, 2026
Page 2

885, 2018 WL 3360764, at *1 (D.N.J. July 10, 2018). Good cause may be established when "the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Faiella v. Sunbelt Rentals, Inc.,* 341 F.R.D. 553, 558 (D.N.J. 2022) (quoting *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011)); *see also Nowell v. Reilly*, 437 F. App'x 122, 125 (3d Cir. 2011) (affirming district court's denial of motion to reopen discovery, finding no abuse of discretion where plaintiff did not show why he could not have been more diligent); *Bds. of Trs. of Int'l Union of Operating Eng'rs Loc. 825 Pension Fund v. Del. Valley Crane Rental, Inc.*, No. 17-8567, 2023 WL 8295224, at *2 (D.N.J. Dec. 1, 2023) (citations omitted) ("Put succinctly, absent diligence, there is no good cause."). Status as a *pro se* litigant is not an excuse for the lack of diligence. *Oriakhi v. United States*, 165 Fed. Appx. 991, 994 (3d Cir. 2006) (affirming denial of pro se litigant's motion to compel where discovery demands were untimely); *Bull v. United States*, 143 Fed. Appx. 468 (3d Cir. 2005) (same); *N'Jai v. Bentz*, No. 13-CV-1212, 2016 WL 5468116, at *4 (W.D. Pa. Sept. 29, 2016) (denying *pro se* plaintiff's motion to reopen discovery where request was made after close of discovery and plaintiff failed to provide good cause why it should be reopened).

Plaintiff has provided no explanation for his failure to complete discovery before the deadline; nor did he seek to extend the deadline before its passed. Moreover, his request seeks discovery on issues that have already been fully explored and litigated. Indeed, Plaintiff confirms that "the discovery categories at issue" have been present prior to the close of discovery, and "were preserved throughout this litigation and raised repeatedly" through written discovery, meet-and-confer correspondence, the December 10, 2025 conference, the Court's Discovery Order, his Rule 72(a) objection, depositions, and subsequent submissions. (ECF No. 129, at 1). After multiple written submissions and a lengthy hearing, the Court denied Plaintiff's efforts to compel further discovery, finding Defendant's responses sufficient and the requested materials irrelevant or disproportionate. (ECF No. 95). Plaintiff's Rule 72(a) objection was overruled. (ECF No. 108). Plaintiff identifies no intervening development that would justify revisiting those rulings. *Pressley v. E. Dist. Precinct*, No. CV 09-3215 (WJM), 2015 WL 6445750, at *2 (D.N.J. Oct. 23, 2015) (denying pro se plaintiff's motion to reopen discovery where "Plaintiff argues in broad strokes that he has "good cause" to reopen discovery, but does not provide any evidence to support this conclusion"). Contrary to Plaintiff's suggestion, Prudential engaged in good faith in discovery. It searched data associated with relevant custodians and examined other data sources and produced more than 900 pages of documents across multiple productions (December 18, 2023; July 7, 2025; July 31, 2025; March 6, 2026; and March 11, 2026). Prudential also served detailed written discovery responses and provided additional clarification in its July 28, 2025 correspondence. Prudential produced responsive, non-privileged documents, provided a privilege log for privileged materials, and identified where no responsive documents existed. Plaintiff's subjective and conclusory belief that additional responsive materials should exist does not establish good cause to reopen discovery.

The deposition testimony Plaintiff cites does not change the analysis. The topics Plaintiff identifies, including human resources involvement in the processing of his termination, the timing of termination, and benefits considerations, have been central to the case from the outset and were indeed explored in discovery including by Plaintiff in two depositions. A request for additional materials on those same subjects does not demonstrate diligence or good cause.

Defendant's counterclaims also provide no reason to reopen discovery as to Plaintiff's Separation Agreement and General Release. These issues have been part of the case from its inception and were raised in Defendant's motion to dismiss (filed on October 16, 2023 (ECF No.



11) and affirmative defenses (first filed on March 18, 2025 (ECF No. 28) (Answer and Affirmative Defenses to Complaint). *See also* ECF No. 68 (Defendant's Answer and Affirmative Defenses to Amended Complaint filed on September 10, 2025; ECF No. 90 (Amended Answer and Affirmative Defenses to Amended Complaint and Counterclaims, filed on November 17 2025). The scope and validity of the Separation Agreement and General Release has been at issue since the start of this case and any discovery regarding those matters could have been taken before the discovery cutoff. The Court's decision permitting the counterclaims to proceed does not provide a basis to reopen fact discovery.

Nor is Plaintiff's request meaningfully "limited." (ECF No. 129 at 4). The categories he identifies are broad subject areas already addressed in discovery and prior motion practice. Granting the request would effectively reopen discovery in full. Allowing Plaintiff to proceed would impose unnecessary cost and delay at a stage when discovery has closed and the case is ready to move forward. *See Nike, Inc. v. E. Ports Custom Brokers, Inc.*, No. CV 11-4390 (CCC), 2019 WL 5206073, at *5 (D.N.J. Oct. 16, 2019).

For these reasons, Plaintiff has not met the Rule 16 standard to reopen fact discovery. His request for leave should therefore be denied.

Additionally, and consistent with the Court's judicial preferences, Prudential respectfully requests leave to file a motion for summary judgment pursuant to Rule 56 and requests that the Court set a dispositive motion deadline of August 7, 2026.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ David S. Ostern*
David S. Ostern, Esq.

DSO:vlb