June 24, 2026

Hon. Jessica S. Allen, U.S.M.J.
United States District Court
District of New Jersey

Re: Volynsky v. The Prudential Insurance Company of America
Civil Action No. 2:23-cv-16710-MEF-JSA

Dear Judge Allen:

Plaintiff respectfully submits this brief correspondence solely to address certain statements contained in Defendant's June 22, 2026 response (ECF No. 131).

Defendant asserts that Plaintiff provided no explanation for his failure to complete the discovery at issue before the discovery deadline. Plaintiff's June 8, 2026 request for leave to file a motion for limited supplemental discovery (ECF No. 129) explained that the present request arose following completion of the depositions of Robert Haack, Prudential's identified decision-maker, and Rose Veneziano, Prudential's former Human Resources Director and subsequent review of the testimony obtained during those depositions. Plaintiff further explained that the issues raised in ECF No. 129 were based upon later factual developments and the clarification of previously preserved discovery categories whose significance could not be fully evaluated in light of deposition testimony that had not yet been obtained when the Court addressed discovery issues on December 10, 2025 or when Plaintiff served his First Requests for Admission and Second Requests for Production.

Plaintiff further notes that, prior to the March 20, 2026 discovery deadline, both parties informed the Court that the deposition of former Human Resources Director Rose Veneziano remained outstanding and would likely occur after the discovery cutoff. See ECF Nos. 114 and 117. Plaintiff respectfully submits that the subsequent May 14, 2026 Veneziano deposition and resulting transcript review were therefore not the product of post-deadline inaction, but rather the continuation of a deposition process that all parties and the Court understood would extend beyond the discovery deadline.

Plaintiff further notes that, on March 20, 2026, prior to the close of fact discovery, Plaintiff submitted a letter raising discovery-related concerns and seeking relief from the Court regarding the resulting prejudice and limitations on access to evidence. See ECF No. 118. Plaintiff respectfully submits that this filing further demonstrates that Plaintiff did not wait until after the close of discovery to raise these concerns, but instead sought Court intervention before the discovery deadline expired.

Plaintiff further notes that his March 10, 2026 status letter (ECF No. 117) addressed only the completion of the remaining deposition and did not address the significance of testimony that had not yet been obtained. At that time, neither the May 14, 2026 Veneziano testimony nor Plaintiff's subsequent review and analysis of that testimony had occurred. Following receipt and review of the transcript, Plaintiff submitted a supplemental letter and Exhibit E (ECF No. 130) identifying portions of Ms. Veneziano's testimony that Plaintiff respectfully submits materially clarified the operational involvement of Employee Relations and Legal personnel in review and compliance processes, as well as other issues relating to previously preserved discovery categories. The operational involvement of Employee Relations and Legal personnel was not previously developed through sworn deposition testimony and was materially clarified by the Haack and Veneziano depositions. In addition, as reflected in ECF No. 130-2 at PageID 1430 (transcript pages 58–61), Ms. Veneziano provided further testimony concerning rehire-eligibility determinations, the involvement of Employee Relations in those determinations, and the existence of documentation reflecting the reasons supporting such determinations.

Plaintiff therefore respectfully submits that the present request arises not from the mere existence of the Veneziano deposition, but from the later factual development and clarification of issues following completion of the Haack and Veneziano depositions.

Plaintiff further respectfully notes that ECF No. 129 seeks leave to file a motion for limited supplemental discovery. The Court has not yet been presented with any proposed motion or specific supplemental requests, and therefore Defendant's characterization of the ultimate scope of any such motion is necessarily speculative.

Finally, Plaintiff respectfully submits that the Court's April 22, 2026 decision permitting Defendant's counterclaim concerning the Separation Agreement and General Release to proceed (ECF No. 125) increased the significance of certain workflow, review-process, and release-related issues discussed in ECF No. 129. Plaintiff does not contend that the counterclaim alone independently justifies reopening discovery.

Plaintiff submits this correspondence solely for clarification and otherwise relies upon his previously filed submissions.

Respectfully submitted,

*Igor Volynsky*

Igor Volynsky
Plaintiff Pro Se

2